■ In the Matter of JOSE D., a Person Alleged to be in Need of Supervision, Appellant.—Order, Family Court of the State of New York, Bronx County, entered April 30, 1975 placing appellant with the Division for Youth Title III, pursuant to a determination January 10, 1973, upon a fact-finding hearing that appellant was a person in need of supervision, unanimously reversed, on the law, on the facts and in the interest of justice, without costs and without disbursements, and the matter remanded for a new dispositional hearing. In 1972, when appellant was 13½ years of age, his mother filed a PINS petition alleging that he absconded from home on two occasions; did not attend school; and did not obey the mother's lawful commands. Subsequently, a fact-finding hearing was held and it was determined that appellant was in need of supervision. On November 14, 1973, an order of disposition was entered placing appellant at Lincoln Hall. It is to be noted that that order was entered upon consent and contained a notation that it was without prejudice. However, appellant did not report to Lincoln Hall until January of 1974 and thereafter, he left that agency without permission. It appears that until August of 1974 appellant resided with his mother. However, he was subsequently located and returned to Lincoln Hall. Thereupon, Lincoln Hall brought a petition seeking appellant's transfer to another agency. A hearing was held and upon recommendation of the probation department appellant was placed with the Division for Youth Title III. We believe that the matter should be remanded for a new dispositional hearing where there can be a fuller exploration as to possible alternate dispositions to appellant's confinement in training school. In this respect we note that the major basis for the original petition was the mother's allegation that appellant failed to attend school and her desire that he be subject to some type of supervision which would serve to insure school attendance. At that time appellant was 13½ years of age. However,

at the time of the subject dispositional hearing appellant was 16 years of age and as recognized by the Family Court, appellant's failure to attend school at that age could not form the basis for a new petition. Moreover, there were facts presented at the hearing indicating that a more appropriate disposition to confinement in a training school could be arranged. Not only did the mother indicate that she now wanted appellant to remain with her, but there was also testimony to the effect that during the eight-month period he resided with her, appellant made attempts at rehabilitation. Indeed, there was testimony that he was returning to his home at an early hour; had not absconded from his home during that period; and although his school attendance was sporadic, there was even indication of improvement in that area. And, of considerable importance, is the fact that a social worker from the Legal Aid Society had apparently been in contact with appellant's mother and was agreeable to working with her and appellant in an attempt to arrange a special school program for appellant. Accordingly, considering all the above circumstances, a new dispositional hearing is warranted. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Nunez, JJ.